Circuit Judge,
dissenting:
Mandamus is an “extraordinary remedy” for correcting a “clear abuse of discretion” based on “extraordinary errors” lead *295 ing to “a patently erroneous result.” In re Volkswagen of Am., Inc., 545 F.3d 304, 309, 318 (5th Cir.2008) (en banc) (issuing the writ because the district court “disregard[ed] the specific precedents of this Court in In re Volkswagen I ”). Here, in its decision to mandamus the district court, the majority opinion creates two new legal rules about the doctrine of direct benefits estoppel, neither of which was compelled by our precedent. Because I do not believe the district court patently erred by not anticipating these two new rules, I respectfully dissent.
The majority opinion’s first new rule concerns the extent of “direct benefit” a non-signatory must receive. In our most on-point precedent, Hellenic Inv. Fund, Inc. v. Det Norske Veritas, we applied direct benefits estoppel where the non-signatory shipowner received the benefit of a class certificate from the classification society. 464 F.3d 514, 516 (5th Cir.2006). Our “direct benefit” analysis focused specifically on the shipowner’s receipt of a class certificate; we did not hold that the classification society’s preliminary inspections, standing alone, conferred a benefit on the shipowner. Rather, it was the issuance of the class certificate that conferred a benefit on the shipowner. Here, Pearl Seas never received a class certificate from LRNA. The majority opinion nonetheless holds that direct benefits estoppel applies because LRNA “examin[ed] the ship and communicat[ed] with Pearl Seas in the course of administering [incomplete] classification services.” This is an extension of the holding in Hellenic. The majority opinion’s new rule might be sensible, but an equally sensible rule is one requiring the issuance of a class certificate to trigger direct benefits estoppel, as occurred in Hellenic. The district court would not have patently erred by choosing the latter rule, even though the majority opinion prefers the former.
The majority opinion’s second new rule concerns the knowledge requirement of the direct benefits estoppel doctrine. As the majority opinion recognizes, direct benefits estoppel only applies if the non-signatory knows about the existence and the terms of the contract containing the forum-selection clause. See Noble Drilling Servs., Inc. v. Certex USA, Inc., 620 F.3d 469, 473 (5th Cir.2010). We have not previously addressed when the non-signatory must acquire this knowledge. Here, Pearl Seas acquired knowledge of the forum-selection clause after some of the alleged misrepresentations, but before other alleged misrepresentations. The majority opinion decides that direct benefits estoppel applies so long as the non-signatory gains knowledge “before much of the alleged wrongdoing and before [the non-signatory files its lawsuit].” The majority opinion’s- new rule seems sensible enough, but a different rule might be equally sensible — say, a rule that a non-signatory only can be bound if it learns about the forum-selection clause before its cause of action accrues (i.e. before the first misrepresentation). The district court would not have patently erred by choosing the latter rule, even though the majority opinion prefers the former.[1]
Finally, it is important to note that this is not merely a “time-and-place” dispute. *296 If the forum-selection clause is enforced, Pearl Seas may only bring its claims in England. However, the parties acknowledged at oral argument that no cause of action exists in the English courts for a ship owner to allege negligent misrepresentation against a classification society. Cf. Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp., 346 F.3d 530 (5th Cir.2003) (permitting negligent-misrepresentation claims against classification societies). Moreover, the Classification Contract expressly denies the right of any third party, such as Pearl Seas, to enforce the terms of the Classification Contract. Thus, the majority opinion effectively deprives Pearl Seas of any forum for its grievances against LR.NA to be heard.
Because I do not believe the district court patently erred, and because the majority opinion deprives Pearl Seas of any forum for its claim, I would deny the petition for writ of mandamus.

. Indeed, this likely is the ground on which the district court denied LRNA's motion to dismiss. In Petrobras America, Inc. v. Vicinay Cadenas, S.A., 921 F.Supp.2d 685, 694 (S.D.Tex.2013), the same district court denied a motion to dismiss for forum non conveniens because "there [was] no evidence that [plaintiff] had actual knowledge of the terms of the Purchase Order.” Pearl Seas, at a hearing in the district court, cited Petrobras and argued that it too lacked knowledge of the terms of the forum selection clause until after misrepresentations were made. LRNA did not offer any response to that argument.